UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

In re:  
Donahue Edwin Jones,  
    Debtor.

Chapter 7  
Bankruptcy No. 10-03431 S

Iris Victor Berger,  
    Plaintiff,  
vs.

Adv. No. 11-9014

Donahue Edwin Jones,  
    Defendant.

ORDER RE: MOTION TO CHANGE VENUE

    The matter before the court is the plaintiff's motion to change the venue of this adversary proceeding to the Southern District of California pursuant to 11 U.S.C. § 1412. Telephonic hearing was held June 23, 2011. Richard A. Nervig appeared as attorney for the plaintiff, Iris Victor Berger. Donald H. Molstad appeared for the defendant, Donahue Edwin Jones. Neither party contends that there are factual disputes necessitating an evidentiary hearing. The court makes the following findings of fact for the purpose of this motion.

Facts and Procedural History

    Donahue Jones formerly did business through Okoboji Financial Services, Inc. ("OFS"), a corporation he owned with two others. Mr. Jones resides in Okoboji, Iowa. Iris Berger, a resident of Temecula, California, is a former client of OFS. Mrs. Berger purchased securities through Scott Engel, a broker for OFS who is located in Los Angeles County. Gross commissions from sales to Mrs. Berger were split between Mr. Engel and OFS.

    Mrs. Berger lost a substantial amount of money investing in "Shale Royalties" entities through Mr. Engel. In July 2009, the Securities and Exchange Commission filed a complaint against Shale Royalties entities, their affiliates and others. In September 2009, Mrs. Berger brought an arbitration claim against OFS and Mr. Engel (FINRA 09-05381). She later amended the claim to add Mr. Jones and other individuals as respondents. The respondents filed an answer through counsel, but did not participate further. An evidentiary hearing was held in San Diego on August 25, 2010. None of the respondents appeared. Mr. Engel had filed his own bankruptcy petition two days earlier.

On or about September 29, 2010, an arbitration award was issued in favor of Mrs. Berger and against all respondents except Mr. Engel. The decision of the arbitration panel stated that Mrs. Berger had asserted claims for breach of fiduciary duty, fraud, violation of California securities law, and negligence. The award stated:

> After considering the pleadings, the testimony, and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:
>
> 1. Respondents Okoboji, R.S. Schneider, R.R. Schneider, and Jones are jointly and severally liable and shall pay to Claimants the sum of $355,000.00 in compensatory damages.
>
> 2. Respondents Okoboji, R.S. Schneider, R.R. Schneider, and Jones are jointly and severally liable and shall pay to Claimants the sum of $4,588.60 for the costs of copies, shipping, research, parking, hearing and filing.
>
> 3. Any and all relief not specifically addressed herein, including punitive damages, is denied.

On December 28, 2010, Mr. Jones filed a voluntary Chapter 7 petition. On April 26, 2011, the parties filed a stipulation that the automatic stay could be modified to permit confirmation of the arbitration award in the California Superior Court, but that the stay would remain in effect as to the enforcement of any judgment.

On March 24, 3011, Mrs. Berger filed a complaint to determine the dischargeability of the arbitration award. Attorney Nervig expects that the witnesses at trial of the adversary proceeding would include Mrs. Berger, her son and his wife who also live in Temecula, and Mr. Engel.  Mrs. Berger is a widow in her mid-80s. She has a number of health problems that would prevent her traveling to Iowa.

Mr. Jones is in his mid-60s. The schedule of income filed with his Chapter 7 bankruptcy petition indicated current net monthly income of $7,521.99. His bankruptcy schedules also indicate that Mr. Jones and his non-debtor spouse have $261,000 of equity in a home valued at $1,040,000.

## Discussion

Mrs. Berger's adversary proceeding against Mr. Jones is properly venued in the U.S. Bankruptcy Court for the Northern District of Iowa. 28

U.S.C. 1409(a). Nevertheless, the court may transfer the proceeding to another district "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. The bankruptcy court has authority to determine whether to change the venue of a bankruptcy case or proceeding. In re Enron Corp., 274 B.R. 327, 342 (Bankr. S.D.N.Y. 2002); Jim Walter Resources, Inc. v. Belcher (In re Hillsborough Holdings Corp.), 146 B.R. 1008, 1010 (Bankr. M.D. Fla. 1992); see generally 1 Collier on Bankruptcy, ¶ 4.05.

The question whether a bankruptcy proceeding should be transferred under § 1412 must be determined on a case-by-case basis depending on all the circumstances. In PermaLife Products, LLC v. TSJ Dirt, LLC (In re PermaLife Products, LLC), 432 B.R. 503 (Bankr. D. N.J. 2010), the court provided a non-exclusive list of factors to be considered in determining a motion under § 1412:

> (1) plaintiff's choice of forum; (2) defendant's forum preference; (3) whether claim arose elsewhere; (4) location of books and records; (5) convenience of parties, as indicated by their relative physical and financial condition; (6) convenience of witnesses, but only to extent that witnesses may actually be unavailable for trial in one of the fora; (7) enforceability of judgment; (8) practical considerations that would make the trial easy, expeditious or inexpensive; (9) relative administrative difficulty in each forum; (10) public policies of the fora; (11) familiarity of judge with applicable state law; and (12) local interest in deciding local controversies at home.

Id. at 517 (citations omitted).

Trial of this adversary proceeding would result in added expenses of travel, whether the trial takes place in Iowa or California. California would be an appropriate forum because the claim arose there and because Jones, through OFS, did business there. The existence of issues of California law is another factor favoring transfer of the proceeding.

An important factor in this case is Mrs. Berger's age and health relative to that of Mr. Jones. He does not dispute that Mrs. Berger is in poor health, and on the contrary suggests that her health would preclude her from being a witness. He suggests further that Mrs. Berger is not a necessary witness, because her son has personal knowledge of all relevant facts and would be able to testify regarding the securities sales. The court finds it is not necessary to decide whether Mrs. Berger would be able to be a witness. She is entitled to attend trial of her own lawsuit.

The court takes judicial notice that Temecula, California is in Riverside County, which is in the Central District of California.

IT IS ORDERED that the clerk shall transfer this adversary proceeding to the U.S. Bankruptcy Court for the Central District of California, Riverside Division.

Dated and Entered:   June 28, 2011

William L. Edmonds, Bankruptcy Judge